UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DITAR, S.A., <br><br>                Plaintiff, <br><br>        v. <br><br>UNITED STATES, <br><br>                Defendant. | Court No. 24-00130 |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff, Ditar, S.A. (hereinafter, "Plaintiff" or "Ditar"), by and through its counsel, alleges and states as follows:

## JURISDICTION

1. Plaintiff brings this action pursuant to, and in accordance with, section 516A(a)(2)(A)(i)(II) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. § 1516a(a)(2)(A)(i)(II)), contesting certain aspects of the final determination and ensuing antidumping duty order issued by the U.S. Department of Commerce ("Commerce"), International Trade Administration, as it applies to Plaintiff.  *See Certain Paper Shopping Bags From Colombia: Final Affirmative Determination of Sales at Less Than Fair Value*, 89 Fed. Reg. 45,843 (Dep't Commerce May 24, 2024) ("*Final Determination*"), and accompanying unpublished Issues and Decision Memorandum (Dep't Commerce May 17, 2024); *see also Certain Paper Shopping Bags From Cambodia, Colombia, India, Malaysia, Portugal, Taiwan, the People's Republic of China, and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 89 Fed. Reg. 58,334 (Dep't Commerce July 18, 2024) ("*Antidumping Duty Orders*").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

3. Plaintiff is a foreign producer and exporter of subject merchandise and was a mandatory respondent in the investigation that is contested here. Therefore, Plaintiff is an interested party within the meaning of 19 U.S.C. § 1677(9)(A). Plaintiff actively participated in the investigation through the submission of factual information and written argument and, thus, is a party to the proceeding as defined in 19 C.F.R. § 351.102(b). Accordingly, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

4. The *Final Determination*, which is being challenged herein, was published in the *Federal Register* on May 24, 2024. *See* 89 Fed. Reg. 45,843. Following an affirmative injury determination by the U.S. International Trade Commission, Commerce published an antidumping duty order in the *Federal Register* on July 18, 2024. *See* 89 Fed. Reg. 58,334.

5. On July 29, 2024, which was within 30 days after the publication of the *Antidumping Duty Orders*, Plaintiff timely filed a Summons to initiate this action. Accordingly, this action commenced within the period specified in 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(i).

6. This Complaint is timely filed within 30 days after the date of the filing of the Summons. Therefore, this action is timely brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade.

## STANDARD OF REVIEW

7. This Court reviews final determinations issued by Commerce pursuant to 19

U.S.C. § 1673d to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## PROCEDURAL HISTORY

8. On June 20, 2023, Commerce initiated an antidumping duty investigation against certain paper shopping bags from Colombia based on a May 31, 2023, petition filed by the Coalition for Fair Trade in Shopping Bags ("Petitioner"). *See Certain Paper Shopping Bags from Cambodia, the People's Republic of China, Colombia, India, Malaysia, Portugal, Taiwan, the Republic of Turkey, and the Socialist Republic of Vietnam: Initiation of Less-Than-Fair-Value Investigations*, 88 Fed. Reg. 41,589 (Dep't Commerce June 27, 2023) ("*Initiation Notice*"). Commerce's period of investigation was April 1, 2022, through March 31, 2023.

9. On July 27, 2023, Commerce issued a memorandum stating that it had selected Ditar as a mandatory respondent in the investigation.

10. Between August 2023 and December 2023, Ditar submitted timely responses to Commerce's initial antidumping duty questionnaire and several supplemental questionnaires. Throughout its responses, Ditar reported that it made sales to the United States at only one level of trade (i.e., Channel 1 sales to distributor customers), and that it made sales in Colombia at two different levels of trade (i.e., Channel 1 sales to distributor customers and Channel 2 sales to end user customers).

11. On December 27, 2023, Commerce issued its preliminary determination in which it calculated a preliminary antidumping duty margin of 9.48 percent for Ditar. *See Certain Paper Shopping Bags From Colombia: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination, and Extension of Provisional Measures*, 89 Fed. Reg. 319 (Dep't Commerce Jan. 3, 2024), and accompanying unpublished Decision

Memorandum for the Preliminary Determination (Dep't Commerce Dec. 27, 2023).  In making its determination, Commerce did not find that Ditar's home market sales to its separate distributor and end user customers were made at different levels of trade.

12.     In February 2024, Commerce conducted verification of Ditar's submitted sales and cost data in Colombia.  On March 11, 2024, and on April 15, 2024, Commerce released its sales and cost verification reports, respectively.

13.     In April 2024, Ditar and Petitioner submitted case and rebuttal briefs related to several sales and cost issues.  Ditar's briefs raised various arguments regarding the proper calculation of Ditar's antidumping duty rate.

14.     On May 17, 2024, Commerce issued its *Final Determination* in which it calculated an above *de minimis* weighted-average antidumping duty margin of 11.06 percent for Ditar.  *See Final Determination*, 89 Fed. Reg. at 45,844 (Dep't Commerce May 24, 2024). Commerce continued to conclude that Ditar's home market sales were not made at two different levels of trade.  Because Ditar was the sole responding mandatory respondent, its final antidumping duty rate also served as the "all others" rate applicable to other non-mandatory respondent Colombian exporters.  The legal bases for Commerce's *Final Determination* were set forth in an unpublished Issues and Decision Memorandum, dated May 17, 2024.

15.     On July 10, 2024, the U.S. International Trade Commission published a notice in the *Federal Register* of its final determination that the domestic industry was materially injured by reason of subject imports.  *See Paper Shopping Bags from Cambodia, China, Colombia, India, Malaysia, Portugal, Taiwan, and Vietnam*, 89 Fed. Reg. 56,776 (July 10, 2024).

16.     On July 18, 2024, Commerce published the resulting *Antidumping Duty Order*. *See* 89 Fed. Reg. 58,334.

## ISSUES PRESENTED BY THE ACTION
## AND PLAINTIFF'S STATEMENT OF CLAIMS

17.     In the following respects, and for other reasons apparent from the administrative record, Commerce's *Final Determination* in its antidumping duty investigation is unsupported by substantial record evidence and is otherwise not in accordance with law.

### COUNT ONE

18.     Paragraphs 1 through 17 are incorporated herein by reference.

19.     In this proceeding, a wide range of source documentation, mathematical metrics, and quantitative analyses established that Ditar performed different types and degrees of selling activities for its distributor and end user customers in Colombia that were so significant and meaningful that sales to these separate customer types constituted different marketing stages. The administrative record thus qualitatively and quantitatively demonstrated that Ditar sold paper shopping bags to its distributor and end user customers in Colombia at two different levels of trade.

20.     Commerce's determination that Ditar's home market sales to distributor customers and end user customers did not constitute different levels of trade was unreasonable and unsupported by substantial record evidence. Moreover, because Ditar sold paper bags only to distributors in the United States, and sold paper bags in Colombia at both the distributor marketing stage and the more remote end user marketing stage, Commerce should have made a level of trade adjustment to home market prices whenever normal value was based on Ditar's sales to end user customers. Commerce's failure to make a level of trade adjustment in the final determination when comparing U.S. selling prices to the prices of home market sales to end users at a different level of trade thus introduced distortions and inaccuracies into Commerce's

**Court No. 24-00130**                                                                                                               **Complaint**

weighted-average antidumping duty calculations and resulted in a final determination that was unsupported by substantial evidence.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

21.     For the reasons stated above, Plaintiff respectfully requests that the Court:

(a)     enter judgment in Plaintiff's favor;

(b)     declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c)     remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of Plaintiff's antidumping duty margin; and

(d)     provide such other relief as the Court deems just and proper.

                                                      Respectfully submitted,

                                                      /s/ Robert G. Gosselink
                                                      Robert G. Gosselink
                                                      Jonathan M. Freed
                                                      Kenneth Hammer
                                                      MacKensie R. Sugama

                                                      TRADE PACIFIC PLLC
                                                      700 Pennsylvania Avenue, SE
                                                      Suite 500
                                                      Washington, DC  20003
                                                      Tel:  (202) 223-3760
                                                      Fax:  (202) 223-3763
                                                      Email:  rgosselink@tradepacificlaw.com

Dated:  July 29, 2024                                 *Counsel to Plaintiff*