# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |  |
|---|---|---|
| DITAR, S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 24-00130 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| COALITION FOR FAIR TRADE IN SHOPPING BAGS, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |
| | ) | |

## RESPONSE BRIEF OF DEFENDANT-INTERVENOR COALITION FOR FAIR TRADE IN SHOPPING BAGS IN SUPPORT OF REDETERMINATION

J. Michael Taylor
Daniel L. Schneiderman

King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC  20006-4706
(202) 737-0500

July 30, 2026

*Counsel for Defendant-Intervenor*

# TABLE OF CONTENTS

ARGUMENT ............................................................................................2

I.     COMMERCE'S DENIAL OF A LEVEL-OF-TRADE
       ADJUSTMENT IS SUPPORTED BY SUBSTANTIAL
       EVIDENCE AND IN ACCORDANCE WITH LAW ........................2

       A.    The Differences In Warehousing And Repacking Services
             Performed For End-Users And Distributors Do Not
             Compel Finding Separate Levels Of Trade .............................2

       B.    Commerce Complied With The Remand Order And
             Reasonably Addressed The Pricing-Differential Issue ...........4

II.    CONCLUSION .............................................................................5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Compañia Valenciana De Aluminio Baux, S.L.U. v. United
States*, 803 F. Supp. 3d 1265 (Ct. Int'l Tr. 2025).................................... 3

*Ditar, S.A. v. United States,* Court No. 24-00130,
Slip Op. 25-128 (Ct. Int'l Trade Oct. 1, 2025) ....................................... 4

*Wheatland Tube v. United States*,
755 F. Supp. 3d 1304 (Ct. Int'l Trade 2025) ......................................... 5

**Statutes**

19 U.S.C. § 1673b(b)(3) ................................................................................ 5

19 U.S.C. § 1673d(a)(4) ................................................................................ 5

19 U.S.C. § 1677b(a)(7)(A) ........................................................................... 4

19 U.S.C. § 1677f-1(d) .................................................................................. 5

**Other Authorities**

19 C.F.R. § 351.403(c) ................................................................................... 5

19 C.F.R. § 351.412(b)(2) .............................................................................. 4

# GLOSSARY

LOT              Level of Trade

## RESPONSE BRIEF OF DEFENDANT-INTERVENOR COALITION FOR FAIR TRADE IN SHOPPING BAGS IN SUPPORT OF REDETERMINATION

Coalition For Fair Trade in Shopping Bags ("Defendant-Intervenor" or "the Coalition") submits the following response brief in support of the Final Results of Redetermination Pursuant to Court Remand issued by the U.S. Department of Commerce ("Commerce") ("*Final Redetermination*"). Appx8690-8717. Defendant-Intervenor agrees with Defendant United States' Response to Plaintiff's Comments on Commerce's Remand Results filed on July 10, 2026 (ECF No. 57) ("*Def. Cmts.*"). To minimize repetition, Defendant-Intervenor incorporates by reference the background and arguments as presented in Defendant's response comments. For the reasons set forth in Defendant's response comments, and as further demonstrated below, Plaintiff's arguments lack merit. The *Final Redetermination* should be affirmed with respect to the LOT issues being appealed by Plaintiff.

<u>ARGUMENT</u>

I.   COMMERCE'S DENIAL OF A LEVEL-OF-TRADE ADJUSTMENT IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IN ACCORDANCE WITH LAW

### A. The Differences In Warehousing And Repacking Services Performed For End-Users And Distributors Do Not Compel Finding Separate Levels Of Trade

Ditar contends that it performed warehousing and repacking services for end-user customers that were not performed for distributor customers.  Comments Of Ditar, S.A. In Opposition To The U.S. Department Of Commerce's Remand (May 1, 2026) (ECF No. 50) ("*Pl. Cmts*") at 19-22.  In the *Final Redetermination*, however, Commerce found that Ditar had inadequately supported its claimed differences with respect to these sales functions.  Appx8696-8697; Appx8706-8712.  Plaintiff points to no clear error in Commerce's analysis of the evidentiary record, *see Def. Cmts* at 20-32, and its argument must fail for that reason alone.

Moreover, Commerce explained that "even if, *arguendo*, the difference in intensity of these two functions is accurately reported, evidentiary support aside," it would not compel a finding that sales to distributors and end-users were made at separate LOTs.  Appx8698.  After all, these comprised only 2 of the 27 relevant sales activities

2

performed for end-user customers.  Appx3297.  And they were the least important of those 27, because – even according to Ditar – they were performed for end-users only at the very lowest level of intensity.[1] Thus, even if Ditar had performed warehousing and repacking at a low level of intensity for sales to end-users and not at all for sales to distributors (a fact that Ditar failed adequately to substantiate), Commerce reasonably concluded that this scenario would not compel reversal of the conclusion, "based on the totality of circumstances," that sales to these customer categories were made at the same LOT. Appx8698.  Commerce's analysis and weighing of the evidence are reasonable and entitled to deference.  *See Compañia Valenciana De Aluminio Baux, S.L.U. v. United States*, 803 F. Supp. 3d 1265, 1276 (Ct. Int'l Tr. 2025) ("the court will not reweigh the evidence that Commerce reasonably addressed").

---

[1]    Post-sales warehousing and repacking services for sales to home market end-users were reported as having intensity levels of "3" and "4," respectively.  Appx3297.  Only "Tax/Duty Collection" had a comparably low intensity level of "4."  The other 24 activities were reportedly performed at a higher level of intensity for sales to end-users.  *Id.*

## B. Commerce Complied With The Remand Order And Reasonably Addressed The Pricing-Differential Issue

The Court remanded for Commerce to explain why a greater-than-five-percent price difference is insufficient to demonstrate a significant effect on price comparability pursuant to 19 U.S.C. § 1677b(a)(7)(A)(ii) and 19 C.F.R. § 351.412(b)(2). *Ditar, S.A. v. United States*, Court No. 24-00130, Slip Op. 25-128 (Ct. Int'l Trade Oct. 1, 2025) at 20-22. Commerce did so by clarifying that the issue is "no longer germane." Appx8715-8716. Under the statute, a LOT adjustment is available only when "the difference in level of trade (i) involves the performance of different selling activities; *and* (ii) is demonstrated to affect price comparability." 19 U.S.C. § 1677b(a)(7)(A) (emphasis added). Commerce found that because the first prong had not been satisfied, an adjustment could not be made regardless of whether the second prong might be satisfied. Appx8698-99, Appx8714-16. Accordingly, if the Court sustains Commerce's finding of a single LOT, there is no reason for it to evaluate the price comparability prong; any such error by Commerce would, by definition, be harmless.

Even if Commerce had been required to elaborate on its price comparability analysis, its decision not to "establish bright line rules"

4

for this "factually intensive analysis" is reasonable.  Appx8700.

Commerce "enjoys discretion in choosing its methodology" given the

"minimal statutory and regulatory guidance" governing LOT analyses,

*Wheatland Tube v. United States*, 755 F. Supp. 3d 1304, 1316 (Ct. Int'l

Trade 2025).  Plaintiff contends that because Commerce treats a two-

percent difference as "significant" in the arm's-length test (19 C.F.R. §

351.403(c)), in the *de minimis* dumping threshold (19 U.S.C. §§

1673b(b)(3), 1673d(a)(4)), and in its differential-pricing analysis (19

U.S.C. § 1677f-1(d)), it must also be significant for LOT purposes.  *Pl.*

*Cmts* at 13-16.  Those other provisions, however, address entirely

unrelated matters; nothing compels Commerce to adopt the same

measure of significance for LOT purposes.  Again, Commerce has

considerable discretion in the LOT context, and it "is not required to use

a party's proffered and preferred methodology." *Wheatland Tube*, 755 F.

at 1316.

## II.   CONCLUSION

For the reasons set forth in the Government's comments and

above, the Coalition respectfully requests that the Court sustain the

*Final Redetermination* and enter judgment for Defendant and

Defendant-Intervenor.

                                      Respectfully submitted,

<u>July 30, 2026</u>               */s/ Daniel Schneiderman*
    Date                    J. Michael Taylor
                                JMTaylor@KSLAW.com

                                Daniel L. Schneiderman
                                DSchneiderman@KSLAW.com

                                King & Spalding LLP
                                1700 Pennsylvania Avenue, NW
                                Washington, DC  20006-4706
                                (202) 737-0500

                                *Counsel for Defendant-Intervenor*

6

## CERTIFICATE OF COMPLIANCE
## WITH WORD COUNT LIMITATIONS

Pursuant to paragraph 2(B)(2) of the U.S. Court of International

Trade's *Standard Chambers Procedures*, the undersigned certifies that

this brief complies with applicable word count limitations.  Exclusive of

the exempted portions, as provided in paragraph 2(B)(1), this brief

includes <u>875</u> words.  In preparing this certificate, the undersigned has

relied upon the word count feature of the word-processing system used

to prepare the submission.

<u>/s/ Daniel Schneiderman</u>
Daniel L. Schneiderman

KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 737-0500

*Counsel for Defendant-Intervenor*

July 30, 2026

## CERTIFICATE REGARDING THE USE OF
## GENERATIVE ARTIFICIAL INTELLIGENCE

Pursuant to requirement 6 of Judge Baker's Document

Formatting Instructions, the undersigned certifies that this filing was

not prepared with the assistance of a generative artificial intelligence

program.

*/s/ Daniel Schneiderman*
Daniel L. Schneiderman

KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 737-0500

*Counsel for Defendant-Intervenor*

July 30, 2026